H. M. CARTER *v.* J. H. WATSON.

Idaho Reports, Vol. 1 (Cummins), 236

(Out of print).

(This opinion was inadvertently not published in Vol. 1 Idaho.)

J. H. Lucas, for Plaintiff.

Huggan, Caton & Ganahl, for Defendant.

CUMMINS, Judge.—Defendant moves to dissolve the writ of attachment issued in this cause on the 13th of November last, the first and second grounds of said motion being based upon alleged defects in the complaint. These objections cannot be considered on this motion. The affidavit for the attachment is the record upon which this proceeding must stand or fall, so far as a motion of this kind is concerned. The third ground of the motion for a vacation of the writ is, "That the affidavit for attachment fails to set forth the nature of the alleged contract." The language of the affidavit in relation to the contract is, "Defendant is indebted to him (Plaintiff) in the sum of three hundred and eighty dollars over and above all off-sets and counter-claims upon contracts, express and implied, for the direct

payment of money," etc. It is contended by the counsel for the defendant that the affidavit should state the facts which show the cause of action to be a contract either express or implied for the direct payment of money; that it is not enough to make the statement merely in the language of the statute, which is simply a legal conclusion. Section 121 of the Practice Act reads: "The clerk of the court shall issue the writ of attachment upon receiving an affidavit by or on behalf of the plaintiff, which shall be filed, showing"; then is enumerated the several circumstances under which the writ may be obtained. The word "show," in this connection, clearly means or is equivalent to prove; that is, the facts must be set out or contained in the affidavit which show or prove the cause of action to be upon a contract, express or implied, for the direct payment of money. It is not enough for the plaintiff to swear that it is upon an express or implied contract. This is a matter for judicial determination. In Ohio, the rule has been laid down in this language: "The affidavit must set forth the facts on which the plaintiff grounds his belief that the defendant is guilty of the charge he makes. This opinion was predicated on the language of the statute as well as on principles of public policy." It was also there said that the word "show" was equivalent to the word "prove." Again, it was said by the district court of that state, Whitman, Peck and Nash, Justices, that "This court has already decided that the facts upon which the party claims a right to the order of attachment must be set out in the affidavit; but it is not sufficient to aver generally the ground in the simple words of the statute unless under that clause which makes non-residence a ground for the issuance of an attachment. We are satisfied with that decision, and we adhere to it." The decision here referred to is the first authority from that state to which I make allusion. The proceeding by attachment is of statutory creation, and is a wide departure from the ordinary legal remedies for the recovery of money, and hence, comes under the rule that statutes giving special remedies must be strictly pursued. It is a

matter of no small moment that B is permitted to seize the property of D by force of this writ and perhaps hold such property bound up in the law for many months before he has obtained a judgment, with the chance that he may not in the end obtain one at all, or may only obtain one for a sum far less than claimed, and which would not require half the property so seized to satisfy it.

It is not required that all the *minutiae* of the transaction be set out in the affidavit; but simply a brief statement of the material facts which show that a contract, such as is mentioned in the statute, has been entered into between the parties. The affidavit in this cause simply states the legal conclusion from a certain state of facts, but whether they amount to a contract for the direct payment of money does not appear. For aught that is there shown it is purely an action for the recovery of unliquidated damages— a case wherein attachment will not lie.

It is further evident that this construction is correct, from the legislation on this subject. In the Practice Act of the first session of the legislature the word "showing" was used. At the second session this word was stricken out and the words "setting forth" were inserted; it then read that an affidavit should be filed "setting forth" certain things enumerated in the statute. Again, at the third session of the legislature the word "showing," as it now stands, was restored.

I am therefore of opinion that the writ of attachment in this case was improperly issued, and the same is discharged.